FILED
JUL 18 2007
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07cr153-MEF |
| | ) | [18 USC 922(g)(1)] |
| EUGENIO TORRES PADRON | ) | |
| | ) | |
| | ) | INDICTMENT |

The Grand Jury charges:

### COUNT 1

On or about July 10, 2007, in Chilton County, within the Middle District of Alabama,

EUGENIO TORRES PADRON,

defendant herein, having been convicted of felony offenses, crimes punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama, to-wit:

1) October 26, 1992 - Possession of Drugs 1st degree, in the Circuit Court of Montgomery County, Alabama, case number 92-1836;

2) June 9, 1999 - Trafficking in Cannabis, in the Circuit Court of Montgomery County, Alabama, case number 98-254;

3) June 9, 1999 - Failure to Affix Tax Stamp, in the Circuit Court of Montgomery County, Alabama, case number 98-254;

did knowingly possess in and affecting commerce a firearm, to-wit: a HiPoint Model FC380 .380 caliber pistol, a better description of which is unknown to the grand jury. All in violation of Title 18, United States Code, Section 922(g)(1).

## FORFEITURE ALLEGATION

A. Count 1 of this indictment is hereby repeated and incorporated herein by reference.

B. Upon conviction for the violation of Title 18, United States Code, Section 922(g)(1), as alleged in Count 1 of this indictment, the defendant,

EUGENIO TORRES PADRON,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of this offense, including but not limited to the following:

a HiPoint Model FC380 .380 caliber pistol

C. If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred, sold to, or deposited with a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or,

(5) has been commingled with other property which cannot be divided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), intends to seek an order of this Court forfeiting any other property of said defendant up to the value of the property described in paragraph B above.

All in violation of Title 18, United States Code, Section 922.

A TRUE BILL:

*/s/ Deputy Marilynn Pressley*
Foreperson

*/s/ Leura G. Canary*
LEURA G. CANARY
United States Attorney

*/s/ John T. Harmon*
JOHN T. HARMON
Assistant United States Attorney

*/s/ Verne H. Speirs*
VERNE H. SPEIRS
Assistant United States Attorney

3