IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:07-CR-153-MEF |
| | ) | [wo] |
| EUGENIO T. PADRON | ) | |
| | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This cause is before the Court on a *Motion to Suppress Stop, Search and Seizures* filed by Defendant Eugenio Padron ("Padron"). *See* Doc. 19, filed October 5, 2007. Padron challenges evidence seized by Officer Robbie Autery who conducted a warrantless search of Padron''s car on July 7, 2007. After an evidentiary hearing and due consideration of briefs, arguments, and applicable law, the Magistrate Judge concludes the warrantless search passes Constitutional muster and recommends that the District Court deny the motion to suppress.

### I.  FACTUAL BACKGROUND AND MOTION TO SUPPRESS

On July 7, 2007, at approximately 9:00 p.m., Officer Robbie Autery ("Autery") of the Jemison, Alabama Police Department was on routine patrol southbound on Interstate 65 when he saw Padron driving a white Chevy Tahoe. Autery pulled Padron over because the Tahoe had no license plate, but rather a temporary tag. Autery had a brief conversation with Padron where he learned the car was newly purchased and in the twenty day grace period for a temporary tag, but Autery also discovered Padron did not have a valid driver's license.

Autery had Padron step to the back of the patrol car while Autery ran a check on Padron and wrote him a warning ticket. The background check showed Padron had been previously convicted of a felony. While writing the ticket, Autery asked Padron if he had any contraband or weapons in the Tahoe. Padron said, "no you can search." Autery testified he verified that Padron was voluntarily consenting to the search of his car and called in Chief Deputy Wright ("Wright") as backup. Wright arrived after approximately five to eight minutes and then Autery began his search of the vehicle. Autery found a stolen firearm hidden inside the car. Padron said the firearm was his and he carried it for protection, but denied knowing it was in the vehicle. Autery arrested Padron for being a felon in possession of a firearm.

Padron files his motion to suppress asserting he was unlawfully detained and thus his consent and the results of the search are "fruits of the poisonous tree" and due to be suppressed. Specifically, he asserts (1) the Fourth Amendment prohibits officers from searching an individual incident to an unlawful arrest for a citation-only offense; (2) the Fourth Amendment prohibits officers from searching an individual incident to an arrest which was in violation of state law; (3) the arrest violated Alabama state law; (4) the arrest was unconstitutional because the officer lacked probable cause to believe Padron had committed an arrestable offense; and (5) the Eleventh Circuit specifically prohibits the further questioning and detention after the "Warning Ticket" was issued. *See* Doc. 19.

## II.  DISCUSSION AND ANALYSIS

Warrantless searches and seizures are per se unreasonable unless an exception applies.

*Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967) (citations omitted). One exception to the warrant requirement is a situation where a law enforcement officer observes a traffic infraction. *United States v. Simmons*, 172 F.3d 775, 778 (11th Cir. 1999). Padron does not dispute that he had no license plate or driver's license. As a matter of law, when Autery saw Padron had no license plate it gave Auterey the right to stop Padron without offending the Fourth Amendment.

After finding that Autery's traffic stop was legal, the Court need only determine whether Padron voluntarily gave his consent for Autery to search his vehicle. *United States v. Ramirez-Chilel*, 289 F.3d 744, 752 (11th Cir. 2002).[1] Padron consented to the search at bar and does not contest he offered his consent. Consent, freely given, validates what might otherwise be an unlawful search. *See, e.g., United States v. Purcell*, 236 F.3d 1274, 1281-82 (11th Cir. 2001) (An officer conducting a routine traffic stop may request consent to search the vehicle). An officer may lawfully obtain consent to search even after the initial reason for the traffic stop is over. *See United States v. Simms*, 385 F.3d 1347, 1354-55 (11th Cir. 2004).

Whether an individual voluntarily consented to a search is based on the *totality of the circumstances*. *United States v. Acosta*, 363 F.3d 1141, 1151 (11th Cir. 2004) (emphasis added); *see also United States v. Ramirez-Chilel*, 289 F.3d 744, 752 (11th Cir. 2002)

---

[1] As explained by the Eleventh Circuit, "[t]ypically, if the ensuing search occurs after an initial illegality...we must first determine whether the consent to search was voluntary was voluntary and then, whether the consent was tainted by the initial illegality." *Ramirez-Chilel*, 289 F.3d at 752 n.9 (citations omitted). Since the Court determines the initial traffic stop was legal, it needs only address whether Padron's subsequent consent to search was voluntary. *See id.*

(quoting *United States v. Robinson*, 625 F.2d 1211, 1218 (5th Cir. 1980)) ("the question of voluntariness is one of fact to be determined from the *totality of the circumstances*") (emphasis in original). Several factors are considered in this determination: (1) whether the defendant was free to leave; (2) whether there was coercive police procedure; (3) the extent of the defendant's cooperation and awareness of the right to refuse consent; (4) the extent of the defendant's education and intelligence; and (5) the defendant's belief that no incriminating evidence would be found. *Ramirez-Chilel*, 289 F.3d at 752 (citing Gonzalez, 71 F.3d 819, 830-31 (11th Cir. 1996)). There is no evidence before the Court that Padron's consent was coerced, nor is there any evidence Padron felt he could not leave the scene upon the receipt of his warning citation. In fact, testimony shows Padron was the one to bring up a search of the vehicle, not Autery. Autery was merely questioning Padron whether he had weapons or contraband in the vehicle to which Padron responded he did not, had nothing to hide, and Autery could search the vehicle. From this information, it is clear Padron was freely gave his consent to search the vehicle. Moreover, Autery testified he clarified with Padron that Padron was offering his consent for Autery to search the vehicle to which Padron responded affirmatively. The only factor that may weigh in Padron's favor was whether he believed no incriminating evidence would be found. However, Padron admitted the gun was his and a search of the serial number on the gun revealed it was a stolen weapon. Thus, this factor does not overcome the overall conclusion that based on the totality of the circumstances Padron's consent was clearly freely given, and in fact spontaneously offered. Based on the above, as the initial traffic stop was legal and Padron voluntarily consented to

the search of his vehicle, the fruits of the search are admissible and Padron's motion to suppress is due to be denied.

### III. CONCLUSION

Pursuant to the foregoing findings and conclusions, it is the RECOMMENDATION of the Magistrate Judge that Defendant Padron's *Motion to Suppress Stop, Search and Seizures* (Doc. 19) be DENIED.

It is further **ORDERED** that the parties shall file any objections to the said Recommendation not later than **November 27, 2007.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981)(*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 13th day of November, 2007.

        /s/Terry F. Moorer
        TERRY F. MOORER
        UNITED STATES MAGISTRATE JUDGE