**IN THE UNITED STATES DISTRICT COURT**
**FOR**
**THE MIDDLE DISTRICT OF ALABAMA**

THE UNITED STATES
OF AMERICA

vs.

EUGENIO TORRES PADRON

CRIMINAL ACTION NO.
2:07-Cr-153 MEF

CHANGE OF PLEA

* * * * * * * * * *

HEARD BEFORE: The Hon. Susan Russ Walker

HEARD AT: Montgomery, Alabama

HEARD ON: January 8, 2008

APPEARANCES: Verne Speirs, Esq.

Michael J. Petersen, Esq.

WHEREUPON, THE FOLLOWING PROCEEDINGS WERE HEARD BEFORE THE HON. SUSAN RUSS WALKER ON JANUARY 8, 2008 AT THE UNITED STATES COURTHOUSE IN MONTGOMERY, ALABAMA:

THE COURT: We're here for changes of plea and we'll begin with *United States vs. Eugenio Torres Padron*, two oh seven C R one fifty-three.

THE DEFENDANT: How you doing, Your Honor?

MR. PETERSEN: Your Honor, my client two days ago had a heart catheterization and he is feeling extremely weak. Would the Court mind if he sat down?

THE COURT: You certainly may. Let me know if you're having any problems.

Previously the Court was informed that the defendant wishes to change his plea and consents to having a guilty plea proceedings conducted by a United States magistrate judge. I'm a United States magistrate judge; the next higher ranking judge is a district judge and you have the right to have a district take your plea. If you wish to have me take your plea today you need to read and sign the consent form that's been provided to you.

(Whereupon, the defendant and his counsel executed said document.)

THE COURT: While the defendant is reviewing that, let me ask the Government are there any victims of the offense? And if so, has the Government notified them of this

hearing and their right to attend?

MR. SPEIRS: Ma'am, there are no victims.

THE COURT: Thank you.

MR. PETERSEN: Your Honor, Mr. Padron has executed the consent.

THE COURT: Thank you.

Will Counsel briefly summarize the terms of the plea agreement?

MR. SPEIRS: Your Honor, the Government will help the Court in that respect.

Your Honor, this is an eleven C one C plea agreement wherein the defendant has been charged with being a felon in possession of a firearm. The Government has agreed to a two level reduction for acceptance of responsibility, and at the time of sentencing would move for the third point, should the defendant qualify for the third point, Your Honor.

One of the salient provisions is that the defendant shall retain the right to appeal the decision of the Magistrate Judge Moorer and the report and recommendation that was issued on December fifth, two thousand and seven regarding a traffic stop. So the defendant does retain that right to appeal.

He's going to plead guilty to count one, forfeit all firearms and ammunition in his possession, and he agrees not to commit any state, local or federal offenses except for his

right to appeal that particular issue regarding a traffic stop. He waives all other appeal and collateral attack.

Your Honor, I believe that rounds out our plea agreement.

THE COURT: Thank you.

And the plea to count one, there is only one count?

MR. PETERSEN: Yes, Your Honor. And just to affirm that this is a conditional plea for the purposes of carrying forward the suppression issue.

THE COURT: I believe that has to be in writing.

MR. PETERSEN: It does.

THE COURT: Swear in the defendant.

(Whereupon, the defendant was duly sworn by the courtroom deputy clerk.)

THE COURT: Do you go by Padron or Torres?

A. Eugenio Padron Torres.

THE COURT: Do you understand that you are now under oath, and that if you answer any of the questions asked here falsely, your answers may later be used against you in another prosecution for perjury or for making a false statement?

A. Yes.

THE COURT: What is your full name, please?

A. Eugenio Padron Torres.

THE COURT: How old are you?

A. Forty-nine.

THE COURT: How far did you go in school?
A. Four years of college.
THE COURT: Have you been treated recently for any mental illness or addiction to narcotic drugs of any kind?
A. No.
THE COURT: Are you currently under the influence of any drug, medication or alcoholic beverage of any kind?
A. I've come from the hospital.
THE COURT: Right. You just came from the hospital. Are you taking any medication?
A. Yes, ma'am.
THE COURT: Is that for pain?
A. Yes, ma'am.
THE COURT: Does any medication that you're taking give you a problem understanding me today?
A. Well, no, I don't have taken the medication today.
THE COURT: Do you understand me?
A. Yes, I understand.
THE COURT: Let me know if you have any problems.
Have you received a copy of the indictment pending against you, that is the written charges made against you in this case?
A. Yes.
THE COURT: Have you fully discussed the charge and the case in general with Mr. Petersen as your counsel?

A. Yes, Your Honor.

THE COURT: Are you fully satisfied with the counsel, representation and advice give to you in this case by your attorney, Mr. Petersen?

A. Yes, Your Honor.

THE COURT: There is a written plea agreement in the case. Did you have the opportunity to read and discuss the plea agreement with your lawyer before you signed it?

A. Yes.

THE COURT: Does that written plea agreement represent in its entirety any understanding that you have with the Government?

A. Well, so far my understanding of what he explained to me of what I was pleading to present this issue on appeal.

THE COURT: You're saying that everything -- I'm not sure what you just told me. You said you understand that you are preserving the issue for appeal?

A. Yes.

THE COURT: Okay. And my question is, does that written plea agreement include all of your agreement with the Government?

A. Well, so far that I understand. He show me the plea agreement. I don't see anything so far only what he show me now in court.

THE COURT: Okay. So let's start back a moment and

go back through this. There is a written plea agreement. You understand that?

A. Yes.

THE COURT: Have you had the opportunity to read and discuss it with your lawyer?

A. Not completely today.

THE COURT: Okay. Do you need time to do that?

A. Yes, ma'am.

THE COURT: All right. Let's take a short recess. How long do you think it will take you?

MR. PETERSEN: Maybe ten minutes, Your Honor.

THE COURT: All right. Let's take a recess for ten minutes to make sure you read it and understood it.

MR. PETERSEN: I apologize to the Court.

THE COURT: That's all right.

(Whereupon, a recess was taken.)

THE COURT: All right. When I left, Mr. Padron, you were reading the plea agreement. Have you now had the opportunity to do that?

A. Yes, ma'am.

THE COURT: Okay. And do you understand the terms of the plea agreement?

A. Yes, Your Honor.

THE COURT: Has anyone made any promise or assurance that is not in the plea agreement to persuade you to accept

this agreement?

A. No, Your Honor.

THE COURT: Has anyone threatened you in any way to persuade you to accept this plea agreement?

A. No, Your Honor.

THE COURT: Do you understand that if the Court chooses not to follow the terms of the plea agreement, the Court will give you the opportunity to withdraw your plea of guilty, and that if you choose not to withdraw your plea the Court may impose a more severe sentence without being bound by the plea agreement?

A. I understand, Your Honor.

THE COURT: Has anyone attempted in any way to force you to plead guilty or otherwise threatened you?

A. Not at all.

THE COURT: Has anyone made any promises or assurances of any kind to get you to plead guilty other than those that are in the plea agreement?

A. So far what I read in the plea agreement, no.

THE COURT: I didn't understand you.

A. So far what I read in the plea agreement, no.

THE COURT: No what?

A. So far what I'm reading in the plea agreement, nobody making a promise.

THE COURT: Okay. So let me ask you the question

again. Has anybody made any promise or assurance to you of any kind to get you to plead guilty, other than what's in that written plea agreement.

A. No, Your Honor.

THE COURT: Are you pleading guilty of your own free will because you are guilty?

A. Yes, Your Honor.

THE COURT: Do you understand that the offense to which you are pleading guilty is a felony offense, that if your plea is accepted you will be adjudged guilty of that offense?

A. Yes, Your Honor.

THE COURT: And do you understand that such adjudication may deprive you of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury and the right to possess any kind of firearm?

A. Yes, Your Honor.

THE COURT: The maximum penalty provided by law for this offense is no more than two hundred fifty thousand dollars fine, no more than ten years imprisonment or both the fine and the imprisonment, no more than three years supervised release, a one hundred dollar assessment fee, and you may be asked to make restitution to any victim of the offense. Do you understand the maximum punishment in your case?

A. Yes.

THE COURT: Do you understand that if you violate the conditions of supervised release you can be given additional time in prison?

A. Yes, Your Honor.

THE COURT: Do you understand that for this case you must pay a special assessment fee of one hundred dollars?

A. Yes, Your Honor.

THE COURT: Do you understand that your sentence will be determined by a combination of advisory sentencing guidelines, possible authorized departures from those guidelines and other statutory sentencing factors?

A. Yes, Your Honor.

THE COURT: Have you and your attorney talked about how the advisory sentencing guidelines might apply to your case?

A. Yes, Your Honor, but I have a question on the guideline.

THE COURT: All right. If you have a question I'm going to stop for a moment and let you ask counsel. Ask your lawyer, if you would.

(Whereupon, the defendant conferred with Mr. Petersen off the record and out of the hearing of the other courtroom participants.)

MR. PETERSEN: We resolved the issue, Your Honor.

THE COURT: Okay. So do you have any further

question?

A. No, Your Honor.

THE COURT: You have discussed the sentencing guidelines with your lawyer?

A. Yes, Your Honor.

THE COURT: Do you understand that parole has been abolished, and that if you are sentenced to prison you will not be released on parole?

A. Yes, Your Honor.

THE COURT: Do you understand that under some circumstances you or the Government may have the right to appeal any sentence that I impose?

A. Yes, Your Honor.

THE COURT: Or the Court imposes.

Do you understand that by entering into this plea agreement and entering a plea of guilty, you will have waived or given up your right to appeal or to collaterally attack all or part of this sentence except for the reserved issue of the traffic stop?

A. Yes, Your Honor.

THE COURT: Do you understand that you have the right to plead not guilty to any offense charged against you and to persist in that plea, that you would then have the right to a trial by jury, that at trial you would be presumed to be innocent and the Government would have to prove your

guilt beyond a reasonable doubt?

A. Yes, Your Honor.

THE COURT: Do you understand that you would have the right to the assistance of counsel for your defense appointed by the Court if necessary, at trial and every other stage of the proceeding, the right to see and hear all the witnesses and have them cross examined in your defense, the right on your own part to decline to testify unless you voluntarily elected to do so in your own defense, and the right to compel the attendance of witnesses to testify in your defense?

A. Yes, Your Honor.

THE COURT: Do you understand that should you decide not to testify or put on any evidence, these facts cannot be used against you?

A. Yes, Your Honor.

THE COURT: Do you further understand that by entering a plea of guilty, if that plea is accepted by the district judge, there will be no trial and you will have waived or given up your right to a trial as well as those other rights associated with a trial as I just described them?

A. Yes, Your Honor.

THE COURT: The charge to which you are pleading guilty is set out in the indictment that count one, which charges on or about July tenth, two thousand and seven in

Chilton County within the Middle District of Alabama, that you, having previously been convicted of other felonies, knowingly possessed in and affecting commerce a firearm, that is a High Point model F C three-eighty, three-eighty caliber pistol in violation of Eighteen U. S. C., Section nine twenty-two G one.

And the previous felonies, just to summarize, were a conviction on October twenty-sixth, nineteen ninety-two, possession of drugs first degree in Montgomery; on June ninth, nineteen ninety-nine, conviction for trafficking in cannabis in Montgomery; and June ninth, nineteen ninety-nine, a conviction for failure to affix tax stamp, also in the Circuit Court of Montgomery County. Do you understand that that is the charge you're pleading guilty to?

A. Yes.

THE COURT: The elements of this offense which the Government would have to prove in your case beyond a reasonable doubt are first, that you knowingly possessed a firearm or ammunition in or affecting interstate commerce as charged; and, second, that before you possessed the firearm or ammunition, you had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is a felony offense. Do you understand those elements?

A. Yes, Your Honor.

THE COURT: I need to find whether or not there is a

factual basis for the plea. How would like to proceed?

MR. PETERSEN: I'll ask the defendant some questions Your Honor.

Mr. Padron, on or about the tenth of July, two thousand and seven were you in Chilton County?

A. Yes, sir.

MR. PETERSEN: Previous to the tenth of July two thousand and seven had you, on October twenty-sixth, nineteen ninety-two been convicted of possession of drugs in the first degree in the Circuit Court of Montgomery County and sentenced to a term in excess of one year imprisonment?

A. Yes.

MR. PETERSEN: And were you aware that that was a felony conviction?

A. Yes.

MR. PETERSEN: On the tenth of July, two thousand and seven in Chilton County did you knowingly possess a High Point model F C three-eighty, three-eighty caliber pistol?

A. Yes.

MR. PETERSEN: Your Honor, we would also stipulate that Chilton County is in the Middle District of Alabama, and that the firearm did in fact travel in interstate commerce.

THE COURT: Do you agree with that?

A. Yes.

THE COURT: Anything else from the Government?

MR. SPEIRS: No, Your Honor. I think that's a sufficient factual basis.

THE COURT: How do you now plead to the charge against in the indictment, guilty or not guilty?

A. Guilty.

THE COURT: It is the finding of the Court in the case of *United States vs. Eugenio Torres Padron*, that the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. The plea is therefore accepted, and the defendant is now adjudged guilty of that offense.

A written *Presentence Report* will be prepared by the Probation Office to assist the Court in sentencing. You'll be asked to give information for the report, and your attorney may be present for that if you wish. The Court will permit you and your counsel to read the *Presentence Report* and file any objections to it before the sentencing hearing.

I'm sorry, the date for your sentencing will be set by order. And until the time of sentencing, I will remand you to the custody of the United States marshal.

Anything further?

MR. PETERSEN: Nothing from the defendant, Your

Honor.

MR. SPEIRS: Not for the United States, ma'am.

THE COURT: You're excused if you're finished.

MR. PETERSEN: Thank you, Your Honor.

(Whereupon, the proceedings were concluded.)

* * * * * * * *

COURT REPORTER'S CERTIFICATE

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter as prepared by me to the best of my ability.

I further certify that I am not related to any of the parties hereto, nor their counsel, and I have no interest in the outcome of said cause.

Dated this 23rd day of May 2008.

\s\ Mitchell P. Reisner, CM, CRR
**MITCHELL P. REISNER, CM, CRR**
Official US Dist. Court Reporter
Registered Professional Reporter
Certified Real-Time Reporter